## SASSE v. TRAVELERS' INS. CO. (No. 7592.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

Appeal from Trial Term, New York County.

Action by Edith L. Sasse against the Travelers' Insurance Company. From a judgment for $6,311.70, entered on a verdict, and from an order denying a motion for a new trial, defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

William J. Moran, of New York City, for appellant.

Eidlitz & Hulse, of New York City (Frederick Hulse, of New York City, of counsel), for respondent.

CLARKE, J. The defendant is an insurance company organized under the laws of the state of Connecticut and duly authorized to do

business in this state. It issued a combined accident and health policy to Andreas A. Sasse. This action is brought by the widow of the insured, the beneficiary under said policy, to recover the amount provided therein payable upon the accidental death of the insured. The facts are in many respects similar to those presented in Sasse v. Order of United Commercial Travelers of America, 154 N. Y. Supp. 558, the opinion wherein was handed down herewith.

In the case at bar the contract is evidenced by the policy, which provides that the company insured Andreas A. Sasse "against bodily injuries effected directly and independently of all other causes through external, violent, and accidental means." It provided that "the principal sum of this policy in the first year is $5,000," and "increases annually until the maximum is $7,500." The policy further provided:

"Part A. Single Indemnity.—Death, Dismemberment and Loss of Sight. If any one of the disabilities enumerated below shall result from such injuries alone, within ninety days from the date of the accident the company will pay the sum specified opposite such disability. * * * For Loss of Life— The principal sum."

The answer alleges that the death of the insured was not effected through, nor did it result from, any bodily injuries effected directly and independently of all other causes through external, violent, or accidental means, but, on the contrary, alleges that the death of said Sasse on or about the 21st day of August, 1912, and the alleged bodily injuries, if any, suffered by him on or about August 10, 1912, were effected and caused directly or indirectly, wholly or in part, by disease, and were not caused by or through any external, violent, or accidental means, and that the alleged bodily injuries and the death of said Andreas A. Sasse was effected by and resulted from disease to which said Sasse was then subject.

In this case no questions of pleading, of due notice, of waiver, or of forfeiture arise. The issue tried was whether upon the facts the defendant was liable under this policy. Careful consideration of the testimony, which, while differing in some details, is substantially similar to that received in the case against the United Order of Commercial Travelers, has satisfied us that the verdict is not supported by the credible evidence and is against the weight thereof.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. Order filed. All concur.